1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                   FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   THOMAS ALLEN,                    )
                                     )     2:12-cv-00121-GEB-CKD
9              Plaintiff,            )
                                     )
10        v.                         )     STATUS (PRETRIAL SCHEDULING)
                                     )     ORDER
11  DOLLAR TREE STORES, INC.,        )
                                     )
12             Defendant.*           )
    _____ )

13

14        The  status  (pretrial  scheduling)  conference  scheduled  for

15  hearing on April 23, 2012, is vacated since the parties' Joint Status

16  Report filed on April 9, 2012 ("JSR") indicates the following Order

17  should issue.

18                     DISMISSAL OF DOE DEFENDANTS

19        Since Plaintiff has not justified Doe defendants remaining in

20  this  action,  Does  1-100  are  dismissed.  See  Order  Setting  Status

21  (Pretrial Scheduling) Conference filed January 17, 2012, at 2 n.2

22  (indicating that if justification for "Doe" defendant allegations not

23  provided Doe defendants would be dismissed).

24       SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

25        No  further  service,  joinder  of  parties  or  amendments  to

26  pleadings is permitted, except with leave of Court for good cause shown.

27  _____

28        *     The caption has been amended according to the Dismissal of Doe
    Defendants portion of this Order and the March 20, 2012, Order Severing
    Plaintiffs' Claims. See ECF No. 24.

                                   1

DISCOVERY

All discovery shall be completed by March 12, 2013. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before October 22, 2012, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before November 21, 2012.

MOTION HEARING SCHEDULE

The last hearing date for a motion is May 6, 2013, commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for July 8, 2013, at 1:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

---

[1]     This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." <u>Portsmouth Square v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based. Furthermore, each party shall estimate the length of trial.[2] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999)("There is no requirement that the court hold a pretrial conference.").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on October 8, 2013.

IT IS SO ORDERED.

Dated:  April 12, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[2]    If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.