UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALLEN, | No. 2:12-cv-00121-GEB-CKD |
| Plaintiff, | |
| v. | **ORDER**[*] |
| DOLLAR TREE STORES, INC., | |
| Defendant. | |

Defendant seeks to amend the July 8, 2013 Final Pretrial Order ("FPO") in two respects. First, Defendant requests the Court rule on its request made in the July 1, 2013 Joint Pretrial Statement ("JPS") that "[Defendant] be permitted to present its case first because [Defendant] has the burden of proving [the primary issue in this action, i.e.,] that Plaintiff was properly classified as exempt from California overtime laws." (Def.'s Mot. to Amend the Pre-Trial Scheduling Order 1:11-14, ECF No. 43.) Defendant argues:

> [Defendant] has the burden of proving that Plaintiff was properly classified as exempt from California overtime laws. Setting this order of proof at trial is consistent with long-standing principles that the party that carries the burden of proof may open and close at trial. [Defendant] requested . . . a determination as to which party is entitled to present its case first in its July 1, 2013 [JPS]. [Plaintiff] objected to this request.

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  In the Court's [FPO], the Court did not rule
2  either way on the issue.

3 (Id. at 2:5-12.) Second, Defendant "requests that [certain]
4 discovery documents that it identified" in the JPS be added to
5 the FPO as additional trial exhibits. (Id. at 1:15-18, 5:24-6:2.)
6 Defendant states: "[Defendant] identified these documents in its
7 [JPS] under discovery documents, but did not separately list them
8 on the exhibit list. Therefore, Defendant respectfully seeks to
9 amend [the FPO] such that [these discovery documents may] be used
10 as trial exhibits." (Id. at 2:13-20.) Defendant further states
11 that Plaintiff "does not oppose the use of these documents as
12 exhibits." (Id. at 6:1-2.)

13  "[T]he conduct and order of the trial are matters
14 vested in the discretion of the district judge." Matter of
15 Yagman, 796 F.2d 1165, 1171 (9th Cir. 1996). "It is customary for
16 the party bearing the burden of proof to open and close the
17 argument." Moylan v. Meadow Club, Inc., 979 F.2d 1246, 1251 (7th
18 Cir. 1992). "That party is usually the plaintiff . . . ." Id.;
19 see also Robert E. Jones, et al., Federal Civil Trials and
20 Evidence ¶ 6:41 (2012) ("In both jury and nonjury trials, the
21 party with the burden of proof (normally plaintiff) opens
22 first.").

23  Here, although Defendant has the burden of proof on a
24 central issue in this wage and hour action, i.e., whether
25 Plaintiff was properly classified as an executive employee and is
26 therefore exempt from various wage and hour requirements under
27 California law, Plaintiff bears the burden of proving the prima
28 facie elements of his claims, a number of which are the subject

2

of disputed facts listed in the JPS. (See, e.g., JPS 2:13, 2:21-3:4.) Therefore, Defendant's request to "open the trial to the jury, present its evidence first, and close the case" is denied.

However, Defendant's request to amend the FPO to list certain discovery documents as additional trial exhibits is granted. The FPO is amended to list as additional trial exhibits the discovery documents listed in section XII of the JPS.

Dated: August 28, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

3