1

2

3

4                        UNITED STATES DISTRICT COURT

5                        EASTERN DISTRICT OF CALIFORNIA

6

7    THOMAS ALLEN,                      No. 2:12-cv-00121-GEB-CKD

8              Plaintiff,

9         v.                           **ORDER**<sup>*</sup>

10   DOLLAR TREE STORES, INC.,

11             Defendant.

12

13        Defendant seeks to amend the July 8, 2013 Final

14   Pretrial Order ("FPO") in two respects. First, Defendant requests

15   the Court rule on its request made in the July 1, 2013 Joint

16   Pretrial Statement ("JPS") that "[Defendant] be permitted to

17   present its case first because [Defendant] has the burden of

18   proving [the primary issue in this action, i.e.,] that Plaintiff

19   was properly classified as exempt from California overtime laws."

20   (Def.'s Mot. to Amend the Pre-Trial Scheduling Order 1:11-14, ECF

21   No. 43.) Defendant argues:

22            [Defendant] has the burden of proving that
              Plaintiff was properly classified as exempt
23            from California overtime laws. Setting this
              order of proof at trial is consistent with
24            long-standing principles that the party that
              carries the burden of proof may open and
25            close at trial. [Defendant] requested . . . a
              determination as to which party is entitled
26            to present its case first in its July 1, 2013
              [JPS]. [Plaintiff] objected to this request.

27   _____

<sup>*</sup>    This matter is deemed suitable for decision without oral argument. E.D.
28   Cal. R. 230(g).

1

1            In the Court's [FPO], the Court did not rule
2            either way on the issue.

3   (Id. at 2:5-12.) Second, Defendant "requests that [certain]

4   discovery documents that it identified" in the JPS be added to

5   the FPO as additional trial exhibits. (Id. at 1:15-18, 5:24-6:2.)

6   Defendant states: "[Defendant] identified these documents in its

7   [JPS] under discovery documents, but did not separately list them

8   on the exhibit list. Therefore, Defendant respectfully seeks to

9   amend [the FPO] such that [these discovery documents may] be used

10  as trial exhibits." (Id. at 2:13-20.) Defendant further states

11  that Plaintiff "does not oppose the use of these documents as

12  exhibits." (Id. at 6:1-2.)

13       "[T]he conduct and order of the trial are matters

14  vested in the discretion of the district judge." Matter of

15  Yagman, 796 F.2d 1165, 1171 (9th Cir. 1996). "It is customary for

16  the party bearing the burden of proof to open and close the

17  argument." Moylan v. Meadow Club, Inc., 979 F.2d 1246, 1251 (7th

18  Cir. 1992). "That party is usually the plaintiff . . . ." Id.;

19  see also Robert E. Jones, et al., Federal Civil Trials and

20  Evidence ¶ 6:41 (2012) ("In both jury and nonjury trials, the

21  party with the burden of proof (normally plaintiff) opens

22  first.").

23       Here, although Defendant has the burden of proof on a

24  central issue in this wage and hour action, i.e., whether

25  Plaintiff was properly classified as an executive employee and is

26  therefore exempt from various wage and hour requirements under

27  California law, Plaintiff bears the burden of proving the prima

28  facie elements of his claims, a number of which are the subject

1    of disputed facts listed in the JPS. (See, e.g., JPS 2:13, 2:21-
2    3:4.) Therefore, Defendant's request to "open the trial to the
3    jury, present its evidence first, and close the case" is denied.
4         However, Defendant's request to amend the FPO to list
5    certain discovery documents as additional trial exhibits is
6    granted. The FPO is amended to list as additional trial exhibits
7    the discovery documents listed in section XII of the JPS.
8         Dated:  August 28, 2013
9                                    _____
                                     GARLAND E. BURRELL, JR.
                                     Senior United States District Judge